JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

OCT -2 91

CLERK OF THE PANEL

## DOCKET NO. 884

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE GASOHOL ANTITRUST LITIGATION

*BEFORE JOHN F. NANGLE,\* CHAIRMAN, S. HUGH DILLIN,\*\* MILTON POLLACK,\*\* LOUIS H. POLLAK,\* HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL*

### ORDER DENYING TRANSFER

This litigation presently consists of two actions pending in two federal districts: one action each in the Central District of Illinois and the Western District of Louisiana. Before the Panel is a motion by Agrifuels Refining Corporation (Agrifuels), the plaintiff in the Louisiana action, to transfer the Louisiana action, pursuant to 28 U.S.C. §1407, to the Central District of Illinois for coordinated or consolidated pretrial proceedings with the action pending there. Eight parties that are defendants in both actions and the non-governmental plaintiffs in the Illinois action oppose the transfer motion.

On the basis of the papers filed and the hearing held, the Panel finds that transfer under 28 U.S.C. §1407 would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. While we recognize that the actions share many factual questions, we note that 1) the actions are pending in only two districts; 2) all parties responding to the Section 1407 motion oppose transfer; 3) the Illinois action has been pending for more than three years and is at an advanced pretrial stage, with a discovery cut-off date of November 25, 1991 and a trial date of May 18, 1992; and 4) the Louisiana action, by contrast, was commenced earlier this year and is much less advanced. Moreover, we emphasize that Agrifuels commenced the Louisiana action and moved for Section 1407 transfer only after its motion to intervene in the Illinois action had been denied by Judge Richard Mills as untimely. We find that the transfer requested by Agrifuels would effectively circumvent Judge Mills's ruling and therefore in the context of this docket would not further the purposes of Section 1407. *See In re Cessna Aircraft Distributorship Antitrust Litigation*, 460 F.Supp. 159, 162 (J.P.M.L. 1978). In light of all these factors, we cannot conclude that Section 1407 transfer is warranted.

---

\* Although Judges Nangle and Pollak were unable to attend the hearing of this matter in Portland, Maine, they have, with the consent of all parties represented at the hearing, participated in this decision.

\*\* Judges Dillin and Pollack recused themselves and took no part in the decision of this matter.

- 2 -

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 of the action pending in the Western District of Louisiana be, and the same hereby is, DENIED.

FOR THE PANEL:

John F. Nangle
Chairman

## *SCHEDULE A*

## *MDL-884 -- IN RE GASOHOL ANTITRUST LITIGATION*

### Western District of Louisiana

*Agrifuels Refining Corp. v. Shell Oil Company, et al.*, C.A. No. CV-91-0428

### Central District of Illinois

*Greater Rockford Energy and Technology Corp., et al. v. Shell Oil Company, et al.*, C.A. No. 90-3119